WO                                                                                    KAB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Edward Lee Jones, Sr., | No. CV 19-08055-PCT-MTL (JZB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| R. Davis, et al., | |
| Defendants. | |

Plaintiff Edward Lee Jones, Sr., who is currently confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court is a Motion entitled "Plaintiff's Emergency Motions for Injunction against the Arizona Department of Corrections officials/staff at SMU-1" (Doc. 24), which Plaintiff filed in four pending cases.[1]

The Court will deny the Motion filed in this action.

**I.    Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a First Amendment retaliation claim against Defendant Grievance Coordinator Rydgren based on Plaintiff's allegation that, in 2018, Rydgren charged Plaintiff with a disciplinary infraction in retaliation for Plaintiff filing grievances. (Doc. 9 at 11.) The Court dismissed the remaining claims and Defendants. (*See generally, id.*)

---

[1] Plaintiff also filed the Motion in CV 18-02034-PHX-MTL (JZB), CV 18-01972-PHX-MTL (JZB), and CV 18-04872-PHX-MTL (JZB).

## II. Plaintiff's First Amended Complaint

Defendant Rydgren filed an Answer to Plaintiff's Complaint on July 3, 2019. On October 1, 2019, Plaintiff filed a First Amended Complaint without first seeking leave of the Court. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff may amend his Complaint only with the opposing party's written consent or with the Court's leave. Fed. R. Civ. P. 15(a). Moreover, this Court's local rule requires a party seeking leave to amend a complaint to file a motion to amend the complaint and to attach a copy of the proposed amended pleading "which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1. Because Plaintiff did not properly comply with the Federal Rules of Civil Procedure or this Court's local rules prior to filing an Amended Complaint, the Court will direct the Clerk of the Court to strike the First Amended Complaint (Doc. 20.). Plaintiff's original Complaint (Doc. 10) remains the operative pleading in this action.

## III. Motion for Injunctive Relief

In his "Emergency Motions for Injunction," Plaintiff requests an order from the Court ordering Sergeant Harris to "provide all of Plaintiff's legal boxes/legal books, for ADC to be directed not to take Plaintiff's legal boxes/legal books, . . . [and] for SMU1 officials to provide Plaintiff with indigent hygiene and access to proper forms to exhaust the grievance process." (Doc. 24 at 1.)

Plaintiff complains that between July 23, 2019 and November 7, 2019, "staff" at Rynning unit provided him "indigent" supplies only four times. (*Id.* at 2.) Plaintiff asserts that "in the last 12 months," Sergeant Harris and his subordinates have lost or wrongfully destroyed Plaintiff's property. (*Id.* at 2-3.) Plaintiff asserts that despite multiple requests, staff will not return his legal property and as a result he has been unable to respond to motions filed in CV 18-4872 and CV 18-1972. (*Id.* at 4.) Plaintiff states that "[p]risoners are being hindered from the grievance process.." (*Id.* at 5.)

. . . .

**A.     Legal Standard**

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct

the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

A court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party. Fed. R. Civ. P. 65(d)(2) (a preliminary injunction only binds those who receive actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and persons in active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1984) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).

**B.    Discussion**

As an initial matter, Plaintiff may not seek relief in multiple cases in one motion. To the extent Plaintiff wants relief related to a specific case, he may file a motion in each case in which he seeks relief and must specifically identify the relief he seeks related to that case.[2] For instance, to the extent Plaintiff seeks relief related to confiscated legal materials, he must identify which legal materials were taken, who took them, when they were taken, the reason given for the confiscation, and the reason Plaintiff needs the legal materials. If Plaintiff seeks relief from the Court in the form of an extension of time to respond to a specific motion, he must file a motion requesting an extension of time to respond and specifically describing the reasons he needs such an extension of time.

Moreover, Plaintiff's allegations are unrelated to the underlying claim pending in this action, and as a result, the Court lacks authority to grant Plaintiff the injunctive relief he requests. *See Pacific Radiation Oncology, LLC v. Queen's Med. Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"); *see also*

---

[2] If Plaintiff files a motion listing multiple case numbers in the future, the Court will strike the motion without further notice to Plaintiff.

- 4 -

*Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint). Likewise, Plaintiff's allegations do not concern Defendant Rydgren and Plaintiff has made no showing that Defendant Rydgren is involved in any of the actions that he complains about in his Motion.

With regard to claims that he is being denied access to his legal materials and cannot respond to specific motions, Plaintiff can seek relief related to such claims. *See Prince v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (unless a claim concerns access to the courts, the Plaintiff must show a nexus between the relief sought and the claims in the lawsuit). However, Plaintiff does not identify any motions filed in this action that he has been unable to respond to and does not otherwise identify how he is being denied access to the Court. Moreover, in a motion filed after Plaintiff's "Motions for Injunction," Plaintiff stated that he received his legal boxes "containing all his civil cases" on "December 12, 2019." (Doc. 26 at 3.) As such, it appears that any relief Plaintiff seeks relating to access to the courts is moot.

For all of the foregoing reasons, Plaintiff has failed to demonstrate that he is entitled to injunctive relief in this action and his Motion will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Emergency Motions for Injunction against the Arizona Department of Corrections officials/staff at SMU-1 (Doc. 24).

(2) Plaintiff's Emergency Motions for Injunction against the Arizona Department of Corrections officials/staff at SMU-1 (Doc. 24) is **denied**.

(3) The Clerk of the Court must **strike** Plaintiff's First Amended Complaint (Doc. 20).

Dated this 15th day of January, 2020.

Michael T. Liburdi
United States District Judge