WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lee Jones, Jr., | No. CV-19-08055-PCT-MTL (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| R. Davis, et al., | |
| Defendants. | |

Pending before the Court are two Motions: (1) Plaintiff's Motion to Extend the Written Discovery Deadlines (doc. 26); and (2) Plaintiff's Motion for to File an Amended Complaint (doc. 28). The Court will grant both motions.

**I.    Background.**

On February 21, 2019, Plaintiff Edward Lee Jones, Jr. filed a Motion for Leave to File Excess Pages (doc. 1), as well as a proposed Prisoner Civil Rights Complaint (doc 10). On April 16, 2019, the Court issued a Screening Order (doc. 9) dismissing Counts One through Seven of Plaintiff's Complaint, dismissing defendants Davis, Tyler, and Nord, and requiring an answer as to Count Seven from defendant Rydgren. On April 25, 2019, Plaintiff filed a Motion for Reconsideration of the Court's Screening Order (doc. 12), which this Court denied on June 25, 2019 (doc. 15). On July 3, 2019, Defendant Rydgren filed his Answer to Plaintiff's Complaint. (Doc. 16.)

On October 3, 2019, Plaintiff filed an Amended Complaint (doc. 20) on his own initiative. On October 17, 2019, Defendant Rydgren filed an Objection to Plaintiff's

Amended Complaint (doc. 21) asserting the filing was improper as Plaintiff had not sought the Court's leave to file an Amended Complaint and the window to freely amend the Complaint under the Federal Rules of Civil Procedure had expired. (*Id*.) On November 25, 2019, Plaintiff filed a Motion for Emergency Injunction against the Arizona Department of Corrections (doc. 24). On December 5, 2019, Defendant Rydgren filed a Response (doc. 25) to Plaintiff's Motion for Emergency Injunction. On January 15, 2020, the Court issued an Order (doc. 27) denying Plaintiff's Motion for Emergency Injunction and striking Plaintiff's Amended Complaint from the record, as the Amended Complaint failed to comply with both Fed. R. Civ. P. 15(a)(2) and LRCiv 15(a).

## II. Motion to Extend Written Discovery Deadlines.

On January 2, 2020, Plaintiff filed a Motion for Extension of the Scheduling Order Deadlines. (Doc. 26.) Therein, Plaintiff seeks an extension of the discovery deadlines in this case. (*Id.*) Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In its July 10, 2019 scheduling order, the Court set a written discovery deadline of December 9, 2019, a discovery motion deadline of January 6, 2020, and a dispositive motion deadline of March 6, 2020. (Doc. 17.)

Plaintiff's Motion is not a model of clarity, but Plaintiff appears to assert that the Court should grant his Motion because he was deprived of his legal resources for a considerable time during the discovery period. Specifically, Plaintiff asserts that, on November 7, 2019, the Arizona Department of Corrections (ADOC) transferred Plaintiff to a new detention facility, but ADOC did not return Plaintiff's legal papers to his custody until December 4, 2019, five days before the Court's December 9 deadline to obtain written discovery. (Doc. 26 at 2-3.) The Court construes Plaintiff's filings liberally, *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), and finds that Plaintiff has demonstrated good cause to extend the written discovery deadlines. Accordingly, the Court will grant Plaintiff's Motion to Extend the Discovery Deadlines.

## III. Motion to File an Amended Complaint.

On January 24, 2020, Plaintiff filed a Motion to Amend his Original Complaint. (Doc. 28.) Because the deadline for amending as a matter of course has passed, Plaintiff may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Generally, leave to amend is given freely "when justice so requires." *Id.* "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation marks and citations omitted; alterations incorporated). A motion for leave to amend may be denied, however, if the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's deadline to join parties or seek leave to amend his complaint expired on October 8, 2019. (Doc. 17 at 1.) Thus, Plaintiff's January 24, 2020 Motion to Amend is untimely. (Doc. 28.) When, as here, a party seeks leave to amend a complaint after a pretrial scheduling order has been entered pursuant to Federal Rule of Civil Procedure 16(b)(1), and after the designated deadline for amending pleadings has passed, the party must first make a showing of "good cause" under Rule 16(b)(4). *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("A party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16, then if good cause be shown, the party must demonstrate that amendment was proper under Rule 15.") (citation and internal quotation marks omitted).

When seeking leave to amend after the deadline imposed by the scheduling order, a party cannot "appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion [has] to satisfy the *more stringent* 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 965, 952 (9th Cir. 2006) (emphasis in original). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to impose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

seeking the amendment." *Johnson*, 975 F.2d at 609.

Here, the Court finds that good cause exists to consider Plaintiff's Motion. Specifically, Plaintiff has shown diligence in his attempt to file an amended complaint. On October 3, 2019, Plaintiff filed an amended complaint before the deadline to do so expired, but that filing was stricken by the Court in a January 15, 2020 Order for failing to comply with LRCiv 15.1. (*See* Doc. 27 at 2.) On January 24, 2020, less than two weeks later, Plaintiff properly filed the now pending Motion to Amend his Complaint. Additionally, the Court finds no evidence of undue delay, bad faith or dilatory motive on behalf of Plaintiff. Nor is Plaintiff's proposed Amended Complaint futile. Accordingly, the Court will grant Plaintiff's Motion for Leave to Amend his Complaint.

**IV.     Screening of Amended Complaint.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id*. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Plaintiff made numerous amendments to Counts One through Five. However, the core allegations against Defendants remain largely the same, and have been summarized in this Court's Screening Order. (Doc. 9 at 3-9.) To the extent Plaintiff's modifications are materially distinct from the Original Complaint, they will be discussed here.

### A. Count One.

In Count One, Plaintiff alleges that Defendants Davis and Tyler violated his Eighth Amendment right to be free from cruel and unusual punishment by physically assaulting him after verbally confronting Plaintiff over Plaintiff's beard. (Doc. 28 at 26.) Specifically, Plaintiff alleges that Defendant Davis tossed in the air Plaintiff's documentation permitting him to maintain a longer-than-standard beard length for religious reasons. (*Id*. at 27.) Plaintiff then asserts that Defendant Davis threatened to hold him down and shave his beard off if he did not apologize for statements allegedly made to Defendant Tyler. (*Id*.) Finally, Plaintiff alleges that, after being handcuffed, Defendant Davis slammed Plaintiff into a bar on a fence and, after he fell to the ground, pulled him off the ground by his handcuffs. (*Id*. at 27-28.) As a result of the altercation, Plaintiff was forced to cut his beard to receive stitches and suffered lacerations and other injuries. (*Id* at 28.) Plaintiff maintains that he filed a grievance in response to this incident and an alleged false report filed by Defendant Davis. (*Id*. at 8.) Plaintiff also alleges the force applied against him was excessive, and in retaliation for being a "Black Male Muslim in America." (*Id*.)

### B. Count Two.

In Count Two, Plaintiff alleges that Defendants Davis and Tyler violated his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§2000cc *et. seq.*, by physically assaulting him (doc. 28 at 29-30) and "drafting/submitting a disciplinary infraction" regarding the incident described in Count One. (*Id.*) Plaintiff argues his reputation was defamed and caused other prison officials "to become afraid to deal with Mr. Jones." (*Id.* at 9-10.)

### C. Count Three.

In Count Three, Plaintiff alleges that Defendant Tyler violated his Eighth Amendment right to be free from cruel and unusual punishment by assisting Defendant Davis in covering up his assault of Plaintiff as described in Count One. (*Id.* at 31.) Specifically, Plaintiff alleges Defendant Tyler threatened Plaintiff with a disciplinary infraction related to the loss of his original identification card. (*Id.*) Plaintiff also suggests that he believes Defendant Tyler was "attempting to set him up" when Defendant Tyler asked Plaintiff if he wished to accompany her while she made copies of his paperwork. (*Id.* at 32)

### D. Count Four.

In Count Four, Plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated by Defendant Tyler by aiding and abetting the cover up of the assault described in Count One. (*Id.* at 34.) Defendant Tyler was present during Plaintiff's interaction with Defendant Davis as described in Count One. (*Id..*) He further asserts that she failed to intervene to stop Defendant Davis' alleged conduct, and that she "followed Defendant Davis' instructions by activating the Incident Command System (ICS) and asserted that Mr. Jones had 'jumped at' Defendant Davis." (*Id.*)

### E. Count Five.

In Count Five, Plaintiff alleges that Defendant violated his right to due process under the Fourteenth Amendment by submitting a false disciplinary infraction regarding the altercation described in Count One. (*Id.* at 35.) Plaintiff also alleges that he confronted Defendant Tyler regarding the alleged derogatory statements he made calling her "satan"

and "harlot" which, according to Plaintiff, subsequently formed the basis for Defendant Davis' assault described in Count One. (*Id.*.) Plaintiff states that Defendant Tyler's false reporting of Plaintiff's statements was the "proximate cause" of Defendant Davis' assault. (*Id.*) Plaintiff also alleges that, after this conversation occurred, Plaintiff was re-classified as a close-custody prisoner instead of a medium-custody prisoner. (*Id.*)

### F. Counts Six and Seven.

Counts Six and Seven of Plaintiff's proposed Amended Complaint are virtually identical to Counts Six and Seven of Plaintiff's Complaint. (*Compare* Doc. 28 at 37-42 *with* Doc. 10 at 16-21.) Accordingly, the Court will adopt its analysis from its prior Screening Order with respect to these Counts. (Doc. 9 at 10-11.)

## V. Discussion of Plaintiff's Claims.

Although the facts and allegations contained in pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.

### A. Individual vs. Official Capacity.

Plaintiff submits no new facts in his Amended Complaint to suggest that the constitutional deprivations he alleges were the result of Arizona Department of Corrections' policy, custom, or practice as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Accordingly, the Court adopts its prior reasoning in Section V of the scheduling order and dismisses Plaintiff's official capacity claims. Plaintiff's causes of action will only be discussed as they pertain to each defendant's individual capacity.

### B. Causes of Action.

In his proposed Amended Complaint, Plaintiff alleges three separate causes of action: excessive force in violation of the Eighth Amendment, violation of RLUIPA by Defendants' alleged hostility toward Plaintiff maintaining his beard in keeping with

religious practices, and unlawful retaliation in violation of the First Amendment for subjecting Plaintiff to disciplinary action for filing grievances regarding treatment by corrections staff.[1] As Counts One through Seven feature numerous overlapping facts and circular references, the Court will discuss Plaintiff's allegations by subject-matter rather than by Counts.

### 1. Eighth Amendment Claim.

Plaintiff has pleaded facts sufficient to state a claim against Defendant Davis for a violation of Plaintiff's Eighth Amendment rights.[2] To plead a claim for use of excessive force in violation of the Eighth Amendment, a plaintiff must show that the force applied was an "unnecessary and wanton infliction of pain," and that the use of force was "without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002). Plaintiff alleges that, while handcuffed, he was "abruptly slammed into a bar on a fence, resulting in a laceration to Mr. Jones chin." (Doc. 28 at 28.) Plaintiff further alleges that, at the time the altercation occurred, Plaintiff was compliant and did not resist being handcuffed or walked by Defendant Davis through the intake door. (*Id.* at 27-28). Taking Plaintiff's factual allegations as true, Plaintiff has successfully pleaded facts that demonstrate the infliction of pain was unnecessary and without penological justification. Accordingly, Defendant Davis will be required to answer Count One.

Plaintiff has not pleaded facts sufficient to state a claim against Defendant Tyler. Plaintiff states that Defendant Tyler failed to intervene to stop Defendant Davis from slamming Davis into the fence bar, in deliberate indifference towards Plaintiff. (*Id.* at 36.) But these facts do not show Defendant Tyler took part in inflicting pain on Plaintiff, and as Plaintiff repeatedly states throughout his Amended Complaint, he obtained necessary

---

[1] Plaintiff states in his Motion to File an Amended Complaint that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) should not bar his claims, because he is ineligible for early release under Arizona law, and therefore his civil rights claims, if successful, will not impact the length of his confinement. The Court agrees. Because Plaintiff ineligible for parole, his claims do not fall within "the heart of habeas corpus" and are therefore not barred by *Heck*. *See Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003).

[2] Plaintiff styles his allegation in Count Five as a violation of the Fourteenth Amendment, but as it asserts Defendant Tyler submitted a false disciplinary infraction describing the altercation in Count One, it is better construed as a claim under the Eighth Amendment.

| | |
|---|---|
| 1 | medical treatment for his injuries. Thus, Plaintiff has not pleaded facts sufficient to state a |
| 2 | claim against Defendant Tyler for a violation of the Eighth Amendment. |

### 2. RLUIPA Claim.

Plaintiff has failed to plead facts sufficient to state a claim for a violation of RLUIPA. To state a claim under RLUIPA, a plaintiff must show that "(1) he takes part in a 'religious exercise,' and (2) the State's actions have substantially burdened that exercise." *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015). Plaintiff has established that he maintains his beard a certain length for religious reasons. (Doc. 28 at 27.) But Plaintiff has not demonstrated that the State's actions have burdened his religious exercise.

Here, Plaintiff asserts that Defendant Davis threatened to hold Plaintiff down and shave his beard off (doc. 28 at 27), and that Defendant Tyler threatened to charge Plaintiff for a new identification card if he did not shave his beard (*id*. at 32). But even taking those allegations as true, Plaintiff has not pleaded sufficient facts that establish a RLUIPA claim. *See Walker*, 789 F.3d at 1134. Plaintiff does not allege that Defendants acted on those threats, or that Plaintiff shaved his beard to avoid punishment. Instead, Plaintiff suggests he was compelled to shave his beard as a result of the medical attention he received for the altercation described in Count One. (*Id*. at 28.) Accordingly, Plaintiff has failed to state a claim against Defendants for a violation of RLUIPA.

### 3. First Amendment Claim.

The First Amendment claim outlined in Count Seven was previously permitted by this Court's scheduling order, and Plaintiff makes no amendment to Count Seven. (Doc. 28 at 19.) Accordingly, Plaintiff's Count Seven will be permitted to proceed.

### 4. Disposition.

Liberally construed, Plaintiff has stated a claim in Count One for excessive force in violation of the Eighth Amendment against Defendant Davis, and in Count Seven for unlawful retaliation in violation of the First Amendment against Defendant Rydgren. Counts Two through Six will be dismissed for failure to state claim upon which relief may

be granted.[3] Additionally, as Plaintiff has not pleaded facts sufficient to state a claim against Defendants Tyler or Nord for any cause of action, those Defendants shall be dismissed from this action.

**IT IS ORDERED**:

1. Plaintiff's Motion for Extension of the Discovery Deadlines (doc. 26) is **granted**. The deadlines in this action are amended as follows:

    a. the deadline for written discovery is extended until **March 6, 2020**.

    b. the deadline for discovery motions is extended until **April 3, 2020**.

    c. the deadline for dispositive motions is extended until **May 29, 2020**.

    d. all other deadlines and directions contained in the Court's prior Scheduling Order (doc. 17) are **affirmed**.

2. Plaintiff's Motion for Leave to File an Amended Complaint (doc. 28) is **granted**.

3. Defendant Davis must answer Count One in his individual capacity.

    a. The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request of Waiver of Service of Summons form for Defendant Davis.

    b. Plaintiff must complete[4] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

    c. If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

---

[3] The Court notes that there may be facts contained in Counts Two through Six that are relevant to the surviving causes of action, but these Counts do not themselves state a claim cognizable by this Court.

[4] If Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where he works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

d. The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

e. The United States Marshal must notify Defendant Davis of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must

  i. personally serve copies of the Summons, Complaint, and this Order upon Defendant Davis pursuant to Fed. R. Civ. P. 4(e)(2); and

  ii. within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

f. **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

g. Defendant Davis must answer Count One of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

4. Defendant Rydgren must answer Count Seven in her individual capacity.

5. Counts Two through Six of the Amended Complaint and Defendants Tyler, and Nord are **dismissed** without prejudice.

Dated this 24th day of February, 2020.

_____
Michael T. Liburdi
United States District Judge