WO                                                                                                        KAB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lee Jones, Sr., | No. CV 19-08055-PCT-MTL (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| R Davis, et al., | |
| Defendants. | |

      Plaintiff Edward Lee Jones, Sr., who is currently confined in the Arizona State Prison Complex-Eyman, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 31.) Pending before the Court are: Defendants' Motion for Summary Judgment (Doc. 76), Plaintiff's Motion to Compel Discovery (Doc. 88), and Plaintiff's Motion for Extension of Time and Request to Appoint Counsel (Doc. 90.)

**I.       The Operative Complaint**

      On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment excessive force claim against Defendant Davis based on Plaintiff's allegations that while handcuffed, he was "abruptly slammed into a bar on a fence, resulting in a laceration" to his chin, and "at the time the altercation occurred, Plaintiff was compliant and did not resist being handcuffed or walked by Defendant Davis through the intake door" (Doc. 30 at 8), and a First Amendment retaliation claim against Defendant Rydren based on the following allegations. (Doc. 30 at 9; Doc. 9 at 8-9.) On June 15, 2018, Defendant Rydren issued a disciplinary infraction charging Plaintiff with filing a vexatious grievance

1  in retaliation for Plaintiff filing 26 grievances since arriving at the facility on April 25,
2  2018, and filing an informal complaint on June 13, 2018, accusing Defendant Rydren's
3  subordinate of failing to do her job. (Doc. 9 at 8-9.) Plaintiff asserts Defendant Rydren's
4  charge related to a May 2018 grievance Plaintiff filed against Defendant Tyler, but
5  Defendant Rydren assigned a case number to that grievance and requested an "extension
6  of time frames [until] June 5, 2018," to address it, which "clearly demonstrated that
7  Defendant Rydren had previously reviewed the grievance and had already determined the
8  grievance was made in good faith and would be processed." (*Id.*) Plaintiff alleges he was
9  kept in maximum custody approximately three weeks longer than necessary while the
10 disciplinary charge was processed, and the disciplinary infraction was ultimately "modified
11 and resolved informally." (*Id.*)

## II. Plaintiff's Subpoenas

On May 28, 2020, a United States Marshal served subpoenas on two third parties: the Arizona Department of Corrections Rehabilitation and Reentry (ADC) and Centurion of Arizona seeking discovery relating to the prosecution of this action. (Docs. 55-58.) Each subpoena was addressed to the "Arizona Department of Corrections Rehabilitation and Reentry-Custodian of Records." (*Id.*) Three subpoenas sought ADC policies, internal ADC reports, orders, and documents related to Plaintiff's claims. (Docs. 52-54). One subpoena sought Plaintiff's medical records. (Doc. 55.) In the Proofs of Service returned by the United States Marshal, the Marshal stated that ADC Program Specialist II Michelle Banks accepted service of three of the subpoenas related to ADC documents, but told the United States Marshal that Centurion, the medical provider for the ADC, was the "custodian of [medical] records" for the ADC and that Centurion should be served with the subpoena seeking medical records. (Docs. 55.) The United States Marshal indicated that Centurion was then served with the subpoena, but did not identify the individual who accepted service on behalf of Centurion. (*Id.*)

Thereafter, Plaintiff informed the Court that he never received responses to the subpoenas, and in an August 10, 2020 Order, the Court ordered the ADC and Centurion to

file a notice indicating the status of the subpoenas within 14 days of the Court's Order. (71.) Thereafter, Plaintiff filed objections to certain parts of the August 10, 2020 Order, the objections were ruled on in a December 3, 2020 Order. (Doc. 86.) Neither the ADC or Centurion complied with the fourteen day deadline in the August 10, 2020 Order.

### III.  Plaintiff's Motions

Plaintiff asserts that he is entitled to the discovery sought in his subpoenas before he should be required to respond to the Motion for Summary Judgment. (Docs. 88, 90.) Centurion has now appeared in this matter for the limited purpose of objecting to the subpoenas served on it. (Doc. 93.) Centurion argues that the subpoenas at issue are not addressed to Centurion, but are addressed to the ADC's custodian of records, that the Marshal's proof of service does not indicate who accepted service on behalf of Centurion, and that Centurion never received the subpoenas at issue. (*Id.*) The ADC has not appeared in this action to date.

Under Rule 45 of the Federal Rules of Civil Procedure, any party may serve a subpoena commanding a nonparty to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). The nonparty may serve objections to the subpoena within fourteen days after service, or before the time for compliance if less than fourteen days. Fed. R. Civ. P. 45(d)(2)(B). "A nonparty's failure to timely make objections to a Rule 45 subpoena . . . generally requires the court to find that any objections have been waived." *Moon v. SCP Pool Corp*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (citations omitted). However, "[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena]." *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).

The court has discretion to determine whether to grant a motion to compel. *See Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987). In general, the court is vested with broad discretion to manage discovery. *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).

The court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena *or an order related to it*." Fed. R. Civ. P. 45(g) (emphasis added). By entirely failing to respond to the document requests by their original deadlines, subpoenaed defendants and third parties waive any objections unrelated to service of those requests. *See Moon*, 232 F.R.D. at 636; *WideVoice Communications, Inc. v. Qwest Communications Company, LLC*, No. 2:12-cv-00467-GMN-VCF, 2012 WL 1439071, at *3 (D. Nev. April 26, 2012) (quoting *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ); *Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012); *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citation omitted).

Here, the ADC has entirely failed to respond to Plaintiff's subpoenas. The record reflects that the subpoenas seeking ADC documents were served by the Marshal on the ADC Custodian of Records. Accordingly, the ADC will be ordered to respond to the subpoenas within 14 days of the date of service of this Order. Based on their wholesale failure to appear or respond, the Court will further order service of this Order on the ADC and the ADC will be responsible for the costs of service. If the ADC continues to fail to respond to the subpoenas (Docs. 52-54), the Court will consider appropriate sanctions. Moreover, the Court notes that any objections, other than objections to service, have been waived by the ADC without a showing of good cause.

With regard to Centurion, the United States Marshal was placed in an untenable position when told by one party's agent that he should serve another party with a certain subpoena. Moreover, any suggestion by Centurion that the United States Marshal not was truthful when he averred that he served Centurion is misplaced. There is no evidence of bad faith on the part of the United States Marshal, who is obligated to serve Plaintiff's subpoenas at government expense. Moreover, Centurion had every opportunity to raise objections to service of the subpoenas when it received the Court's Order directing Centurion to inform the Court of the status of the response to the subpoena. But, Centurion

states that its counsel "overlooked following up to address the matter further." (Doc. 92.) Failing to timely respond to the Court's Order regarding the subpoena due to lack of diligence is not good cause. *See* Fed. R. Civ. P. 45(g) (the court may hold in contempt a person for failing to respond to an order relating to a subpoena).

Moreover, it appears that the documents Plaintiff seeks—his medical records for a certain period of time in ADC custody—are within the custody and control of Centurion and Centurion makes no argument to the contrary. Accordingly, within 5 days of the date of this Order, Centurion must indicate whether it will waive service of Plaintiff's subpoena seeking medical records or whether the Court must instruct the Clerk of the Court to address Plaintiff's subpoena seeking medical records to Centurion and require the Marshal to undertake service a second time. If Centurion opts not to waive service of the subpoena, Centurion will be responsible for the costs of service. Moreover, the Court will require the United States Marshal to serve the subpoena seeking Plaintiff's medical records on Defendant ADC because ADC's agent misled the United States Marshal when directing service of a subpoena addressed to it to another entity.[1]

Further, given the lack of response to Plaintiff's relevant discovery requests, the Court will reopen discovery for the limited purpose of allowing Plaintiff to obtain responses to the previously served subpoenas. The Motion for Summary Judgment will be denied without prejudice as premature. The new dispositive motion deadline is February 27, 2020.

Plaintiff's request for counsel will be denied as he has not met the necessary elements entitling him to counsel. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

. . . .

. . . .

---

[1] The ADC and Centurion may come to an agreement regarding responses to Plaintiff's subpoenas seeking his medical records and may file a notice with the Court detailing the agreement, so as to avoid duplicative disclosure of Plaintiff's medical records.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion for Summary Judgment (Doc. 76), Plaintiff's Motion to Compel Discovery (Doc. 88), and Plaintiff's Motion for Extension of Time and Request to Appoint Counsel (Doc. 90.)

(2) Discovery is reopened for the sole purpose of allowing Plaintiff to obtain responses to the previously served subpoenas. The new dispositive motion deadline is **February 27, 2021**.

(3) Defendants' Motion for Summary Judgment (Doc. 76) is **denied without prejudice as premature**.

(4) Plaintiff's Motion to Compel Discovery (Doc. 88) is **granted in part and denied in part** as set forth herein.

(5) Plaintiff's Motion for Extension of Time and Request to Appoint Counsel (Doc. 90) is **denied as moot** to the extent he requests an extension of time to respond to the Motion for Summary Judgment and is otherwise **denied**.

(6) Within **5 days of the date of this Order**, Centurion must indicate whether it will waive service of the subpoena seeking Plaintiff's medical records (Doc. 55.) If it will not waive service, Centurion must indicate if counsel is authorized to accept service of the subpoena.

(7) The Clerk of the Court must prepare a copy of Plaintiff's subpoenas (Docs. 56-58) and **forward** the subpoenas and a copy of this Order to the United States Marshals Service for service.

(8) Within **5 days** from the date of this order, the United States Marshals Service is directed to **serve** the subpoenas in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure.

(9) The U.S. Marshals Service must effect personal service of the subpoena, **along with a copy of this order**, upon the Arizona Department of Corrections at 1601 W. Jefferson St. Phoenix, Arizona 85007 pursuant to Rule 45 of the Federal Rules of Civil

Procedure, 28 U.S.C. § 566(c), and 28 U.S.C. § 1915(d).

(10) Within **5 days** after personal service is effected, the United States Marshals Service must file the return of service.

(11) Within **14 days of service of this Order**, the ADC must respond to Plaintiff's subpoenas and must file a notice with the Court indicating that it has responded to Plaintiff's subpoenas (Docs. 56-58).

Dated this 20th day of January, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge