KAB

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lee Jones, Sr., | No. CV 19-08055-PCT-MTL (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| R Davis, et al., | |
| Defendants. | |

Plaintiff Edward Lee Jones, Sr., who is currently confined in the Arizona State Prison Complex-Eyman, brought this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Defendant Rydgren's Second Motion for Summary Judgment[1] (Doc. 147) and Plaintiff's Motion for Appointment of Counsel (Doc. 146).

**I.   Background**

On screening under 28 U.S.C. § 1915A(a) (Doc. 30 at 9; Doc. 9 at 8-9), the Court determined that Plaintiff stated a First Amendment retaliation claim against Defendant Rydgren based on the following allegations. On June 15, 2018, Defendant Rydgren issued a disciplinary infraction charging Plaintiff with filing a vexatious grievance in retaliation for Plaintiff filing 26 grievances since arriving at the facility on April 25, 2018, and filing an informal complaint on June 13, 2018 accusing Defendant Rydgren's subordinate of

---

[1] Plaintiff was informed of his rights and obligations to respond pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) (Doc. 152), and he opposes the Motion. (Docs. 158-160.)

failing to do her job. (Doc. 9 at 8-9.) Plaintiff asserts Defendant Rydgren's vexatious grievance charge related to a May 2018 grievance Plaintiff filed against Defendant Tyler, but Defendant Rydgren assigned a case number to that grievance and requested an "extension of time frames [until] June 5, 2018," to address it, which "clearly demonstrated that Defendant Rydgren had previously reviewed the grievance and had already determined the grievance was made in good faith and would be processed." (*Id.*) Plaintiff alleges he was kept in maximum custody approximately three weeks longer than necessary while the disciplinary charge was processed, and the disciplinary infraction was ultimately "modified and resolved informally." (*Id.*)

In a previous Order, the Court denied Rydgren's Motion for Summary Judgment finding that Rydgren had not produced sufficient evidence to show there were no disputed issues of material fact, but gave Rydgren leave to file a second motion for summary judgment. (Doc. 141.) The Court also denied summary judgment to Defendant Davis on an unrelated excessive force claim. (*Id.*)

**II.    Plaintiff's Motion to Appoint Counsel**

Plaintiff seeks appointment of counsel. (Doc. 146.) The Court denied Plaintiff's previous Motion to Appoint Counsel (Doc. 94) and nothing in Plaintiff's current Motion suggests that the Court's prior analysis should be changed. Accordingly, Plaintiff's Motion to Appoint Counsel (Doc. 146) is denied.

**III.   Defendants' Motion for Summary Judgment**

Defendant Rydgren asserts that she is entitled to summary judgment because there is no evidence that she retaliated against Plaintiff for exercising his First Amendment rights.

**A.    Summary Judgment Standard**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying

those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

**B.    Facts**

At the time of the incident alleged in Plaintiff's Complaint, Defendant Rydgren was employed by GEO Group, Inc. (Geo) at Kingman Prison, a private prison contracted with the State of Arizona. (Doc. 108 ¶ 3.) Rydgren was a Programs Manager, and part of her duties involved administrative processing of inmate grievances. (*Id.*) Plaintiff, who was incarcerated beginning in 2008, was transferred from Arizona State Prison Complex-Florence to the Kingman Prison from April 25, 2018 until July 5, 2018 (approximately 2.5 months). (*Id.* ¶ 5.)

Throughout his time at Kingman Prison, Plaintiff was classified as medium/high custody. (*Id.* ¶ 6.)

On June 14, 2018, Defendant Rydgren issued a disciplinary report regarding Plaintiff with a charge of 17 A "Filing of Vexatious Grievances" stating that

> On 6/14/18 at approximately 1700 hours I, CPS Rydgren, completed a review of all twenty-six processed and unprocessed grievances submitted by inmate Jones, Edward #190298 since his arrival at ASP-Kingman on 4/24/18. During this review, I found that at least one grievance submitted by inmate Jones . . . met the criteria of vexatious grievance by being groundless, not made in good faith and/or being submitted with the intent to harass staff. Inmate Jones . . . was verbally placed on report by Officer Hernandez. . . .

(Doc. 127-5 at 2.) Defendant Rydgren initiated the "ticket" for Plaintiff as she wanted to maintain order within Kingman Prison and maintain prison security by preventing Plaintiff from harassing correctional staff members. (Doc. 148 ¶ 10.) After a disciplinary hearing on June 21, 2018, the Disciplinary Hearing Officer found an informal resolution was appropriate. (Doc. 127-5 at 3.)

Because of the influx of prisoners while Plaintiff was housed in Kingman Prison, and in accordance with ADC Policy 802.01, Defendant Rydgren permitted additional times to process grievances to many prisoners, including Plaintiff. (Doc. 108 ¶ 8.) The additional time was not determinative of any basis for the grievance. (*Id.*) Rather, the additional time frame provided was allowed to provide an extension not to exceed 15 workdays, as permitted by ADC Policy 802.01. (*Id.*)

Defendant Rydgren processed Plaintiff's grievance (dated June 6, 2018 and assigned Case No. M63-113-018), in which he alleges he had issues with Officer Tyler and Defendant Davis, who was at the time a correctional officer, at intake on April 25, 2018. (*Id.* ¶ 9.) Grievance, M63-113-018 was processed and responded to by the Deputy Warden, who determined on July 9, 2018, that there was no support for the Grievance. (*Id.*) When the response was issued, Plaintiff was no longer housed at Kingman Prison. (*Id.*) Plaintiff appealed the Grievance (M62-113-08) to the Director of the ADC, who affirmed the

Deputy Warden's Response to the grievance. (*Id.*)

### C.     Legal Standard

"[A] viable claim of First Amendment retaliation entails five basic elements: (1) [a]n assertion that a [government] actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

### D.     Discussion

Defendant Rydgren asserts that she is entitled to summary judgment because she initiated the "ticket" for Plaintiff when she deemed he was harassing correctional staff and reported Plaintiff in order to maintain order within Kingman Prison and maintain prison security by preventing Plaintiff from harassing correctional staff members. Defendant asserts that she did not act to strike out at Plaintiff, there was no impact on Plaintiff's maximum custody classification, and the ticket did not "chill" Plaintiff's exercise of his First Amendment rights.

In Response, Plaintiff asserts that Defendant Rydgren could have issued the disciplinary ticket much earlier when reviewing the grievance he submitted in May, but she waited until Plaintiff filed a complaint against her subordinate and then filed the disciplinary ticket in retaliation for Plaintiff filing a complaint against her subordinate.

Aside from Plaintiff's unproven assertions regarding the timing of Rydgren's review of Plaintiff's grievances, there is no evidence supporting his theory that Rydgren waited to submit the disciplinary ticket until Plaintiff filed a grievance against Rydgren's subordinate. Moreover, it is undisputed that the disciplinary ticket was based on an actual grievance that Plaintiff's submitted, which Rydgren found met the criteria of a vexatious grievance; thus, there was a legitimate, penological basis for issuing the ticket. Plaintiff appears to have concluded that Rydgren issued the ticket in retaliation for him complaining about her subordinate, but there is no evidence supporting that assertion, and Rydgren's

actions would not have chilled a person of ordinary firmness from filing future grievances because there are no facts alleged which would have allowed a reasonable person to conclude that Rydgren was acting in retaliation. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (An objective standard governs the chilling inquiry, and the question is whether the adverse action at issue "would chill or silence a person of ordinary firmness from future First Amendment activities." (citation omitted).

For the foregoing reasons, summary judgment will be granted in favor of Defendant Rydgren as to Plaintiff' First Amendment retaliation claim.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Request for Appointment of Court Appointed Counsel (Doc. 146) and Defendant Rydgren's Second Motion for Summary Judgment (Doc. 147).

(2) Plaintiff's Request for Appointment of Court Appointed Counsel (Doc. 146) is **denied**.

(3) Defendant Rydgren's Second Motion for Summary Judgment (Doc. 147) is **granted**. Defendant Rydgren and Plaintiff's First Amendment retaliation claim are dismissed from this action with prejudice.

(4) The remaining claim in this action is Plaintiff's Eighth Amendment excessive force claim against Defendant Davis.

Dated this 13th day of October, 2021.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge