**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lee Jones, Sr., | No. CV-19-08055-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| R. Davis, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Edward Lee Jones, Sr.'s Motion to Appoint Counsel.  (Doc. 173.)  For the following reasons, Plaintiff's Motion is denied.

Jones is currently confined in the Arizona State Prison Complex-Eyman.  (Doc. 173 at 1.)  In this civil rights action, arising under 42 U.S.C. § 1983, Jones alleges Defendant Davis slammed him into a bar on a fence, resulting in a laceration to his chin.  (Doc. 141 at 1–2, Doc. 173 at 4.)  Jones has filed two other motions to appoint counsel.  (Docs. 90, 146.)  The Court denied Jones's motions in both instances, finding first that Jones failed to meet the necessary elements entitling him to counsel (Doc. 94 at 5) and later finding that Jones's second motion failed to present any evidence that the Court's prior analysis should be changed (Doc. 162 at 2).

There is no constitutional right to the appointment of counsel in a civil case.  *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  But in proceedings in forma pauperis, the Court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C.

§ 1915(e)(1) is required only when "exceptional circumstances" are present.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).   To determine whether exceptional circumstances exist, the Court evaluates the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Jones argues his circumstances are exceptional and justify the appointment of counsel for six reasons: (1) surveillance video evidence from the prison was destroyed, (2) he cannot fairly present his case without depositions and other pre-trial discovery, (3) he cannot pay the witness fees nor locate the witnesses, (4) counsel is necessary to negotiate settlement, (5) counsel is necessary because the facts are strongly disputed, and (6) he has no means to obtain trial clothing.  (Doc. 173 at 6–14.)

The Court addressed arguments one and two in its prior order.  (Doc. 94 at 5.)  Moreover, discovery has closed, so those arguments are moot.  (*See* Doc. 94 at 5 (discussing discovery deadlines and resetting the dispositive motion deadline to February 2020, about 22 months ago.))   The remaining arguments fail to reach the level of "exceptional circumstances" required to appoint counsel for Jones.  *Terrell*, 935 F.2d at 1017.  First, "factual disputes . . . do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances." *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2010 WL 3910446, at *5 (S.D. Cal. Oct. 4, 2010).  Second, it is Jones's own responsibility to arrange for civilian clothing.  *Rodriguez v. Seibel*, No. CV 15-2554 DOC (FFM), 2016 WL 8740479, at *6 (C.D. Cal. Nov. 16, 2016), report and recommendation rejected on other grounds, No. EDCV152554DOCFFM, 2017 WL 1407635 (C.D. Cal. Apr. 19, 2017).  Besides, the jury will necessarily find out that Jones is incarcerated because of the nature of his claim, so no prejudice will result from the jury seeing Jones in prison clothing.  *Id.* at *7; *see also Duckett v. Godinez*, 67 F.3d 734, 747 (9th Cir. 1995).  The remainder of Jones's arguments likewise fail to rise to the level of

"exceptional circumstances" as the lack of adequate legal knowledge is not an exceptional circumstance warranting the appointment of counsel.  *Zamaro v. Moonga*, 656 Fed. App'x 297, 299 (9th Cir. 2016).

As to the likelihood of success, while Jones has adequately articulated his claims, he offers no evidence other than his own declaration and assertion to support his claim. (*See* Doc. 173.)  Therefore, it is difficult to determine at this time whether it is likely that plaintiff will succeed on the merits.  Without some evidence that he is likely to succeed at trial, Jones fails to satisfy *Wilborn's* first factor.  789 F.2d at 1331.  Furthermore, Jones's efforts here have resulted in some litigation success, along with other cases like it as pro se, and no evidence suggests that Jones has not been able to articulate his arguments and prosecute the case.  *See Meeks v. Nunez*, No. 13CV973-GPC(BGS), 2017 WL 476425, at *4 (S.D. Cal. Feb. 6, 2017) (citing a pro se plaintiff's other filings, "replete with facts, supporting law and supporting documentation," to show that appointment of counsel was not warranted).  The Court understands Jones's claims and the relief he seeks.

Accordingly,

**IT IS ORDERED** that Jones's Motion for Appointment of Counsel (Doc. 173) is **DENIED.**

Dated this 6th day of December, 2021.

Michael T. Liburdi
United States District Judge

- 3 -