**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lee Jones, Sr., | No. CV-19-08055-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| R. Davis, et al., | |
| Defendants. | |

The Court has been notified that two of Plaintiff's trial subpoenas have been returned with service unexecuted. (Docs. 197, 198.)

I.

On December 21, 2021, this Court granted in part and denied in part *pro se* Plaintiff Edward Lee Jones, Sr.'s Motion for the Production of/or Issuance of Trial Subpoenas. (Doc. 186.) Plaintiff is proceeding in forma pauperis. (Doc. 9.) The Court ordered the United States Marshal Service to serve witness subpoenas on three witnesses in preparation for the upcoming trial on Plaintiff's excessive force claim: (1) H. Faylor, (2) L. Lobue, and (3) B. Rodarte. (*Id.*) Pursuant to the Court's order, the United States Marshals Service attempted to serve the subpoenas on H. Faylor and L. Lobue. On December 28, 2021, the trial subpoena for H. Faylor was returned unexecuted with the following message: "ASP Kingman Admin [Redacted] advised USMS that Officer Faylor is no longer employed by GEO Group Inc. No additional information/contact info was provided." (Doc. 197 at 1.) L. Lobue's trial subpoena was returned with a nearly

identical message. (Doc. 198 at 1.) Trial is set to begin in one month. (Doc. 167.)

II.

The United States Marshal shall serve all process, on the court's order, for a plaintiff proceeding in forma pauperis. 28 U.S.C. § 1915(d); 28 U.S.C. § 566(c). Case law regarding service of trial subpoenas is not-well established. *Pearson v. Pasha*, No. CV 10-00035-H-DWM, 2011 WL 13136826, at *1 (D. Mont. Oct. 26, 2011). As such, the Court will look to case law regarding service of in forma pauperis complaints as instructive. *See id.* As an initial matter, "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service . . . [and] should not be penalized" where service is not effected. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (citation and quotation omitted). The prisoner should not be penalized as long as he or she furnished enough information necessary to identify the person to receive the service. *See id.*; *see also Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990). The "information necessary to identify the defendants requires no more than the information sufficient to identify the prison employee; and 'once that information has been provided, the Marshal should be able to obtain a current business address and complete service.'" *Pearson*, 2011 WL 13136826, at *2 (quoting *Sellers*, 902 F.2d at 602). Use of the U.S. Marshals to effect service has a twofold purpose: it eliminates security risks of providing the prison employees addresses to the prisoners, and it reduces the "runaround" that prisoners often get when they seek information through channels regarding their litigation. *Id.*

Here, the Court granted Plaintiff's motion to serve H. Faylor and L. Lobue. (Doc. 186.) The two subpoenas were returned unexecuted because both H. Faylor and L. Lobue are no longer employees of GEO Group. Though the anonymous ASP Kingman administrative official did not provide the address for H. Faylor or L. Lobue, the Court believes that both forwarding addresses can easily be ascertained from their former employer. As such, Plaintiff is entitled to rely on the U.S. Marshals Service to effect service on these two witnesses on his behalf. *See id.*

III.

Accordingly,

**IT IS ORDERED** that the United States Marshals Service is directed to contact Arizona State Prison Complex-Kingman and the GEO Group, Inc. to attempt to locate a current address for H. Faylor and use reasonable efforts to effect service of the trial subpoena upon H. Faylor.

**IT IS FURTHER ORDERED** that the United States Marshals Service is directed to contact Arizona State Prison Complex-Kingman and the GEO Group, Inc. to attempt to locate a current address for L. Lobue and use reasonable efforts to effect service of the trial subpoena upon L. Lobue.

Dated this 29th day of December, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

cc: USMS